67 F.3d 305
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donis Jose CHACON-SILVA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70057.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1995.*
Decided Sept. 29, 1995.
 
 1
 Before: BROWNING, GOODWIN, and O'SCANNLAIN, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Donis Jose Chacon-Silva, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the decision of the immigration judge (IJ), denying his application for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. Secs. 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition.
 
 
 4
 Because the BIA explicitly stated that it was adopting the reasoning of the IJ, we review the IJ's decision. See Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). The IJ's denial of asylum is reviewed for abuse of discretion. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992). The denial of withholding of deportation and the IJ's factual determinations are reviewed for substantial evidence. Id.
 
 
 5
 To establish eligibility for asylum based on a well-founded fear of persecution, asylum applicants must show both a genuine subjective fear of persecution and an objectively reasonable fear. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). The burden is on the applicant to meet this standard. Id. "The objective component requires a showing by 'credible, direct, and specific evidence' of facts showing a reasonable fear of persecution" on account of one of the enumerated grounds. Id. (quoting Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam)).
 
 
 6
 Silva's asylum claim is based largely on his detention and interrogation by the Sandinistas on three occasions. He testified that in the late 1970s he was a civilian driver for a colonel in Somoza's military. Soon after the colonel was killed while trying to surrender to Sandinista forces in 1979, Silva was detained and interrogated by the Sandinistas for one month. Silva testified the Sandinistas were prepared to execute him, but he was released when a 12-year old boy (who Silva claims was a Sandinista military officer) arrived on the scene and confirmed that Silva had not been in the military. In 1981 Silva was detained outside a party in Managua for between 15 to 30 minutes after someone accused him of having participated in the arrest of a Sandinista supporter when he was a driver for the colonel. He was released when the same 12-year old Sandinista officer appeared on the scene and explained that Silva was a decent person and should not be arrested. In 1983 he was detained by the Sandinistas for two weeks and questioned about military weapons they suspected him of having hidden; he was released after two friends of his who were Sandinista soldiers signed for his release. Finally, Silva testified that in 1985 he received a notice that he should appear in court as part of an investigation into his relationship with the colonel. He did not appear, and left Nicaragua three or four months later.
 
 
 7
 The IJ's finding that Silva lacked a well-founded fear of future persecution is supported by substantial evidence, including the fact that: a coalition government composed of parties opposed to the Sandinistas succeeded the Sandinista party in 1990; Silva's detention in 1981 was brief; Silva was never tortured or beaten during any of his detentions; each detention ended when it was established that Silva had not been a member of the Somoza military; Silva was able to live in Managua and work as a well-known merchant for five years; and after failing to respond to the court's notice in 1985, Silva continued to live in Nicaragua for several months without being taken into custody or harassed in any way. We cannot say that the evidence was "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992).
 
 
 8
 Silva argues that the BIA erred by finding that he was not eligible for asylum on the basis of past persecution. While past persecution alone can be sufficient independent of the risk of future persecution, it is limited to situations in which the applicant has suffered "under atrocious forms of persecution." Acewicz, 984 F.2d at 1062 (citing Matter of Chen, Int.Dec. 3104 at 4-5 (BIA1989)). In light of Silva's testimony that he was never beaten or physically mistreated during his detentions, we cannot say that the IJ erred by finding that Silva was not eligible for asylum on the basis of past persecution alone. See Kazlauskas v. INS, 46 F.3d 902, 906 (9th Cir.1995).
 
 
 9
 Silva argues that the BIA failed to properly consider the fact that his mother and two brothers have been granted asylum in the United States. Silva is mistaken. The BIA adopted the IJ's finding that because Silva failed to introduce into evidence details of his family members' claims of asylum, it was not possible to assess whether Silva's fear of persecution was related to the claims of his family. See Prasad v. INS, 47 F.3d 336, 340 (9th Cir.1995) ("[A]ttacks on family members do not necessarily establish a well-founded fear of persecution absent a pattern of persecution tied to the petitioner[ ].").
 
 
 10
 Finally, because the standard for withholding of deportation is higher than the standard for a grant of asylum, and because Silva has failed to meet the lower standard for a grant of asylum, we affirm the BIA's denial of withholding of deportation. See Acewicz, 984 F.2d at 1062.
 
 
 11
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3